UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Carrie Martin,<br><br>    Plaintiff,<br>v.<br><br>Capital One Auto Finance, Inc.,<br><br>    Defendant. | Civil Action No.: 1:15-cv-806 |

## COMPLAINT

For this his First Amended Complaint, Plaintiff, Carrie Martin, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendant transacts business in the District and a substantial portion of the acts giving rise to this action occurred in the District.

## PARTIES

3. The Plaintiff, Carrie Martin ("Plaintiff"), is an adult individual residing in Washington, DC, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Capital One Auto Finance, Inc. ("COAF"), is a business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In 2012, COAF began calling Plaintiff.

6. The calls were placed to Plaintiff's cellular phone, number 202-xxx-0285.

7. The calls were placed from telephone numbers 972-378-3660 and 800-946-0332.

8. When Plaintiff answered the phone, she was met with a period of silence followed by an automated click at which point the call was transferred to a COAF operator.

9. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

10. Plaintiff acknowledges the existence of the Debt, but is without adequate means with which to repay it.

11. On multiple occasions, Plaintiff spoke with a live representative, whom she advised that she was experiencing financial difficulties due to her disability and was unable to pay the Debt.

12. Plaintiff further advised COAF to cease all calls to her cellular telephone.

13. Despite being advised that Plaintiff was unable to pay the Debt and to stop the calls, COAF continued to place automated calls to Plaintiff at an excessive and harassing rate, calling Plaintiff daily, sometimes up to three times per day.

14. The calls caused Plaintiff a great deal of frustration and intruded on her right to be free from unwanted invasions. Plaintiff was ultimately forced to retain the assistance of counsel in an effort to stop the calls.

15. The telephone number called by COAF was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from COAF to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

17. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

18. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

19. Defendant's telephone systems have some earmarks of a Predictive Dialer.

20. When Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

21. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Defendant contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

23. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 2, 2015

Respectfully submitted,

By: __/s/ Jody Burton_____
Jody B. Burton, Esq.
Lemberg Law, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff